Velis, J.
INTRODUCTION
The plaintiffs, Thomas Caplis and Margaret Caplis (“the plaintiffs”), brought this summary judgment action against the defendants, Norman Richard and Bouchini Construction Company (“the defendants”), after the defendants stopped paying rent on five lots leased from the plaintiffs in their manufactured housing community. After a 2002 bench trial in this court, the judge ordered Judgment of Possession for the plaintiffs. The defendants subsequently filed notice of appeal, which they later abandoned. The defendants now move for the appointment of a real estate master. Additionally, the defendants request an emergency stay of the running of the 120-day period provided for in G.L.c. 140, §32J until this court rules on their motion for a real estate master. For the following reasons, the defendants’ motions are DENIED.
*794 BACKGROUND
The defendants conveyed a manufactured housing communiiy in Winchendon, Massachusetts, to the plaintiffs for the sum of $800,000 in January 1999. The community consists of fifty-six home lots. Pursuant to an oral lease agreement at the time of the conveyancing, the defendants retained ownership of five of the manufactured homes situated on five of the plaintiffs’ lots.
The plaintiffs filed summary process complaints against the defendants after they failed to pay rent in connection wit the five lots they agreed to lease.
The defendants subsequently sold one of the five homes they owned within the communiiy and have attempted to sell the remaining four homes.
On August 1, 2002, Superior Court Justice Toomey entered judgment for the plaintiffs on each of their four summary process complaints. That same day, the defendants filed an appeal. While the appeal was pending, the defendants received an automatic stay of the running of the 120-day period prescribed by G.L.c. 140,§32J.
On July 3, 2003, the Clerk’s Office, in accordance with Mass.R.App.P. 9(d), sent a Notice of Assembly of the Record to the Clerk of the Massachusetts Appeals Court. The defendants failed to pay the docketing fee for entry of the appeal in the Appeals Court by the July 17, 2003 deadline. The appeal was never docketed.
On July 18, 2003, the plaintiffs filed a motion to dismiss the defendants’ appeal, which the defendants did not oppose.[3] The defendants subsequently filed the two current motions on August 6, 2003. This court held a hearing on August 12, 2003.
DISCUSSION
I. Real Estate Master
The defendants move this court to appoint a real estate master to address three issues:
1) Defendants’ request for an order compelling plaintiffs to provide defendants with any and all necessary applications for residing in plaintiffs’ housing communiiy;
2) Defendants’ request for an order compelling plaintiffs to cease and desist from unreasonably withholding approval of applications to lease and/or sell defendants’ homes; and
3) Defendants’ request for a preliminary injunction ordering plaintiffs to remove Jersey barriers from around one of the defendants’ homes.
In support of their motion, the defendants cite no case law or other authority upon which the court should, or may, rely in granting such a request. Rather, the defendants present Massachusetts statutory and regulatory law, as well as case law, most of which is from other jurisdictions, relative to the three issues outlined above.
In contrast, the plaintiffs put forth several arguments in opposition to the defendants’ motion. First, the plaintiffs argue the defendants’ motion is improperly before this court because it seeks reconsideration of the same motion this court denied on May 28, 2003 (J. McCann) in a related case, No. 03-049 IB.[4] Second, the plaintiffs claim the defendants are precluded and/or estopped from re-filing this motion because it was previously made and lost as noted above. Third, this court has no power to grant such relief since the request is made post-trial and after defendants abandoned their appeal. The plaintiffs also argue no authority exists to appoint a master for such purposes. Finally, the plaintiffs assert that a master may only be appointed in extraordinary circumstances, which do not exist in this case.
Massachusetts Rules of Civil Procedure provide that “(i]n any action, the court may in its discretion direct the attorneys for the parties to appear before it for a conference to consider: ... (5) the advisability of a preliminary reference of issues to a master.” Mass.R.Civ.P. 16. A subsequent rule addresses special provisions relating to masters, including a court’s reference order, compensation, supervision, etc. Mass.R.Civ.P. 49. Thus, while the decision to refer cases to masters is discretionary, “the corresponding responsibility and consequences of a reference are such that the discretion should be exercised most discriminately and reasonably sparingly.” O’Brien v. Dwight, 363 Mass. 256, 280 (1973) (internal citations omitted). Courts utilize masters in making determinations of both questions of law and of fact “necessary or useful to the decision of any pending issue.” Bradley v. Borden, 223 Mass. 575, 586 (1916).
In this case, no pending issues remain, preliminary or otherwise. This court already tried this case and rendered a decision in this summary process action. On August 1, 2002, this court entered Judgment for Possession for the plaintiffs. This case lingers only because the defendants filed an appeal in August 2002 that they subsequently abandoned in July 2003 by failing to docket the case.
Furthermore, no relevant case law or statutory law exists, nor did the defendants cite any, that would grant this court the authority to appoint a master post-trial and post-judgment. Case law pertaining to masters discusses a master’s use prior to judgment by the court. E.g., Bradley, 223 Mass. at 586 (noting master’s report to judge on rulings of law is advisory); Glynn v. Gloucester, 9 Mass.App.Ct. 454, 455 (finding master’s report to court should have been recommitted for further findings, summaries of the evidence, and production of certain exhibits). The defendants’ motion appears to be a last ditch attempt to prolong the end to this litigation. With no legal basis to grant the defendants’ request, the defendants’ motion is denied.
*795 II. Emergency Stay
The defendants also move this court to stay the running of the 120-day period prescribed by G.L.c. 140, §32J pending this court’s disposition on the appointment of a real estate master. In support of their motion the defendants allege time is of the essence in the sale of their four manufactured homes, and they wish to prevent any interference by the plaintiffs in selling these homes. The plaintiffs respond that no emergency exists to support the motion.
As a result of this court’s aforementioned decision denying the defendants’ motion to appoint areal estate master, this motion is moot, and the defendants’ request is denied.
ORDER
For the foregoing reasons, it is therefore ORDERED that the defendants’ Motion to Appoint a Real Estate Master is DENIED. The defendants’ Motion for an Emergency Stay is also DENIED.

This court granted the plaintiffs’ motion on August 12, 2003.

In this case, Norman Richard d/b/a Bouchini Construction Co. sued Glenwood Park and Thomas and Margaret Caplis, both individually and as trustees for Glenwood Park, for violations of G.L.c. 140, 940.10 Code of Mass.Regs. §32, and G.L. 93A, regarding the same real estate transaction.